UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAMON S. LLOYD,<br>    Petitioner, | Case No. 1:19-cv-375 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 Warren County, Ohio, murder conviction and sentence. (Doc. 1). On May 24, 2019, the Court ordered petitioner to show cause why the petition should not be transferred to the Sixth Circuit Court of Appeals as successive because petitioner had previously challenged in federal court his 2007 conviction and sentence. (Doc. 2). Petitioner has now filed his response to the show-cause order. (Doc. 3).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll § 2254. Here, for the reasons below, it plainly appears that petitioner is not entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals as a successive petition.

**PROCEDURAL HISTORY**

Petitioner challenges a 2007 Ohio murder conviction and sentence. (Doc. 1, at PageID 1).

As grounds for relief, he asserts: violations of his rights to "due process [and] equal protection" (Ground One); "prosecutorial misconduct" (Ground Two); "ineffective assistance of counsel" (Ground Three); and "denial of fair trial (due process/equal protection)" (Ground Four). (Doc. 1, at PageID 6-11).

However, petitioner has previously sought federal habeas corpus relief challenging the same 2007 judgment of conviction. *See In re Lloyd*, No. 17-4014 (6th Cir. Jan. 25, 2018) (Guy, Daughtrey & Sutton, JJ.) (denying petitioner leave to file second or successive habeas petition); *Lloyd v. Warden*, Case No. 1:16-cv-932 (S.D. Ohio Sept. 25, 2017) (Black, J.; Wehrman, M.J.) (Doc. 20) (petition transferred to the Sixth Circuit Court of Appeals as a successive petition); *Lloyd v. Warden*, Case No. 1:15-cv-485 (S.D. Ohio Mar. 22, 2016) (Beckwith, J.; Wehrman, M.J.) (Doc. 20) (petition transferred to the Sixth Circuit Court of Appeals as a successive petition); *Lloyd v. Warden*, Case No. 1:10-cv-169 (Spiegel, J.; Litkovitz, M.J.) (S.D. Ohio Jan. 10, 2012) (Doc. 25) (petition denied with prejudice).[1]

## ANALYSIS

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C.

---

[1] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 477 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

§ 2244(b)(3)(A)). A district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. 28 U.S.C. § 2244(b)(1). In addition, the court must dismiss a claim presented in a second or successive petition which the petitioner did not include in the prior petition, unless: (A) the petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"Not all second in time petitions are 'second or successive' petitions." *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at*2 (N.D. Ohio Sept. 28, 2018) (Baughman, M.J.) (quoting *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017)), *adopted*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019) (Helmick, J.). "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a

second or successive petition requiring approval from the appeals court." *Id*. (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)). However, a new judgment that "does not result in a 'new, worse-than-before sentence,' does not constitute a 'new judgment' or permit the petitioner to circumvent the requirements for obtaining authorization before filing a second or successive petition." *Id*. (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (per curiam)).

Petitioner seeks to avoid the requirements of § 2244(b) by suggesting in his response to the Court's show-cause order that the instant federal habeas petition is not successive because he is challenging a new, intervening June 28, 2017 judgment. (*See* Doc. 3, at PageID 21). The Sixth Circuit previously found, however, that "the amended and corrected [June 28, 2017] judgment entry did not impose '[a] new, worse-than-before sentence.'" *In re Lloyd*, No. 17-4014, at p. 2.

Accordingly, the undersigned concludes that petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits[2] and petitioner is not contesting any "new judgment" in this proceeding. Because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the

---

[2]A decision denying a habeas petition based on procedural default constitutes a decision on the merits. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits").

Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

## IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition, within the meaning of 28 U.S.C. § 2244(b), the petition be transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief. *See Rodriguez v. Gray*, No. 2:18-cv-114, 2018 WL 2470753 (S.D. Ohio Mar. 19, 2018) (transferring successive petition to Sixth Circuit Court of Appeals on initial review under Habeas Rule 4) (Vascura, M.J.), *adopted*, 2018 WL 2465352 (S.D. Ohio June 1, 2018) (Watson, J.).

Date: 7/12/19        *s/Karen L. Litkovitz*
                     Karen L. Litkovitz
                     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON S. LLOYD,　　　　　　　　　　　　Case No. 1:19-cv-375
　　　Petitioner,

　　vs.　　　　　　　　　　　　　　　　　　Dlott, J.
　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
　　　Respondent.

**NOTICE**

　　　Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.

6