**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Damon S. Lloyd,

    Petitioner,　　　　　　　　　　　　　　　Case No. 1:19cv375

  v.　　　　　　　　　　　　　　　　　　　　　Judge Michael R. Barrett

Warden, Chillicothe
Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's July 12, 2019 Report and Recommendations ("R&R") (Doc. 4) and Petitioner's Motion in Opposition and Request for Evidentiary Hearing (Docs. 5 & 6).

### I.　STANDARD OF REVIEW

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has

been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II.     PROCEDURAL HISTORY

Petitioner is proceeding in this matter *pro se*. Petitioner is an inmate at the Chillicothe Correctional Institution. Petitioner challenges his 2007 Ohio murder conviction and sentence.

The Magistrate Judge concluded that Petitioner's petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because Petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding. The Magistrate Judge recommends transferring the petition pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief.

## III.    ANALYSIS

In his Objections, Petitioner states that the Magistrate Judge erred in finding that his petition is successive because such a finding is "contingent upon utilizing a 'valid final judgment' and exhausting all state remedies prior to the federal filing." (Doc. 6, PAGEID# 53). Petitioner also requests an evidentiary hearing based upon newly discovered evidence that "the bench-trial judge Flannery, knew the alleged victim, prosecuted him for violent offenses, and more disconcerting, sentenced the alleged victim with his jurisdiction." (Doc. 5, PAGEID# 32).

Even though Petitioner maintains that his claims are based upon newly discovered evidence, Petitioner must still show that: (1) "the factual predicate for his claim could not

2

have been discovered previously through the exercise of due diligence," 28 U.S.C. § 2244(b)(2)(B)(i), and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

Because the Court agrees with the Magistrate Judge's conclusion that Petitioner's petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. Accordingly, Petitioner's request for an evidentiary hearing is not necessary at this time and is DENIED without prejudice.

### IV.     CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R (Doc. 4) to be thorough, well-reasoned, and correct.  Accordingly, the Magistrate Judge's July 12, 2019 R&R (Doc. 4) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 6) are **OVERRULED**.  It is hereby **ORDERED** that:

1. The Petition be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court may consider the successive claims for relief; and

2. Petitioner's Motion for an Evidentiary Hearing (Doc. 5) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett
                                        United States District Court